UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOWELL QUINCEY GREEN, | § | |
| TDCJ #00518622, | § | |
| | § | |
| Plaintiff, | § | |
| | § | SA-22-CV-1332-FB |
| v. | § | |
| | § | |
| WARDEN F/N/U DAVIS; ET AL., | § | |
| | § | |
| Defendants. | § | |

## <u>DISMISSAL ORDER</u>

Before the Court is Plaintiff Lowell Quincy Green's 42 U.S.C. § 1983 Civil Rights Complaint ("Section 1983 Complaint"). (ECF No. 1). Plaintiff has not submitted the filing fee and therefore the Court assumes Plaintiff wishes to proceed *in forma pauperis* ("IFP").

Plaintiff Green is in the custody of the Texas Department of Criminal Justice Correctional Institutions Division and is serving a life sentence for cumulative convictions of aggravated robbery. Green's Section 1983 Complaint, which consists of 49 pages, purports to sue Warden Davis and other prison staff for theft of Green's personal property. (ECF No. 1 at 11). Additionally, Green alleges he has been falsely imprisoned and that he is innocent of the charges of which he was convicted in 2013. (*Id.*). He seeks his immediate release and 7.5 million in damages. (*Id.* at 1, 30).

Pursuant to 28 U.S.C. § 1915(g), a prisoner that has three or more times prior federal civil actions dismissed as frivolous, malicious, or for failure to state a claim, may not proceed IFP without a showing he is under "imminent danger of serious physical injury." While incarcerated, Green has filed three or more civil actions that have been dismissed as frivolous, malicious or for failure to state a claim. *See Green v. Davis,* No. W-16-CA-419-RP (W.D. Tex., *dismissed as*

*frivolous* Feb. 13 , 2017); *Green v. State of Tex.,* No. W-16-CA-424-RP (W.D. Tex., *dismissed as frivolous* Feb. 13, 2017); *Green v. State of Tex.,* No. W-17-CA-92-RP (W.D. Tex., *dismissed as frivolous* May 18, 2017). Plaintiff's current Complaint fails to allege facts that would support a claim he is in imminent danger of serious physical injury from Defendants; therefore, Plaintiff is barred from proceeding IFP pursuant to § 1915(g).

In any event, Green's claims are frivolous. The Court notes that Plaintiff was convicted in 2013. Plaintiff is advised that generally claims brought under Section 1983 must be filed within two years from the date a plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *See Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018); *Piotrowski v. City of Houston*, 51 F.3d 512, 515–16 (5th Cir. 1995).

Accordingly, Plaintiff Green's Section 1983 Complaint is **DISMISSED WITHOUT PREJUDICE** because he is barred from proceeding IFP pursuant to § 1915(g) and has not paid the filing fee.

SIGNED this 16th day of December, 2022.

_____
FRED   BIERY
UNITED STATES DISTRICT JUDGE

2